UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                          §
                                                §
NOVAK, SALLY M                                  §        Case No. 11-36374
                                                §
                        Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .   The undersigned trustee was appointed on                    .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                      $

         Funds were disbursed in the following amounts:

         Payments made under an interim
         disbursement
         Administrative expenses
         Bank service fees
         Other payments to creditors
         Non-estate funds paid to 3rd Parties
         Exemptions paid to the debtor
         Other payments to the debtor

         Leaving a balance on hand of[1]                        $

    The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                   and the deadline for filing governmental claims was                  . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $           , for a total compensation of $          $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $         , for total expenses of $          $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____      By:/s/Peter N. Metrou, Trustee_____
                                                            Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    1

Exhibit A

| Case No: | 11-36374 | BWB | Judge: BRUCE W. BLACK |
|---|---|---|---|

Case Name:    NOVAK, SALLY M

For Period Ending: 07/23/13

Trustee Name:    Peter N. Metrou, Trustee

Date Filed (f) or Converted (c):    09/06/11 (f)

341(a) Meeting Date:    09/29/11

Claims Bar Date:    03/15/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Estate located at Location: 25613 Shoal Cre | 24,000.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 2. Checking account with Harris Bank | 950.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 3. Miscellaneous used household goods | 500.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 4. Miscellaneous used clothing | 300.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 5. American General Life Insurance Cash Surrender V | 2,375.88 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 6. Monthly Pension Distributions | 0.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 7. 2010 Tax Refund: 515.00 Per Tax Return Spent on | 0.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 8. Pending Personal Injury Claim stemming from Car | Unknown | 0.00 | | 40,000.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 9. VOID | 0.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 10. 2009 Ford Escape, 24,000 miles Value Per KBB, PP | 10,935.00 | 0.00 | | 0.00 | FA |
| Orig. Asset Memo: Imported from Amended Doc#: 11 | | | | | |
| 11. VOID | 0.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)           $39,060.88           $0.00           $40,000.00           $0.00

(Total Dollar Amount in Column 6)

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page:   2

Exhibit A

| | | |
|---|---|---|
| Case No: | 11-36374   BWB   Judge: BRUCE W. BLACK | Trustee Name:   Peter N. Metrou, Trustee |
| Case Name: | NOVAK, SALLY M | Date Filed (f) or Converted (c):   09/06/11 (f) |
| | | 341(a) Meeting Date:   09/29/11 |
| | | Claims Bar Date:   03/15/12 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Settlement checks rec'd 6-19-13

Initial Projected Date of Final Report (TFR): 12/01/12        Current Projected Date of Final Report (TFR): 09/30/13

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 11-36374 -BWB | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|
| Case Name: | NOVAK, SALLY M | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******1047 Checking Account |
| Taxpayer ID No: | *******7049 | | |
| For Period Ending: | 07/23/13 | Blanket Bond (per case limit): | $ 60,894,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/21/13 | 8 | Illinois Farmers Insurance Company 2500 South Fifth Avenue Pocatello, ID 83204 | Settlement | | 34,341.67 | | 34,341.67 |
| | | | Memo Amount: ( 3,333.33 ) | 4210-000 | | | |
| | | | Allstate | | | | |
| | | | Memo Amount: ( 2,325.00 ) | 4210-000 | | | |
| | | | Ingalls Hospital | | | | |
| | | | Memo Amount: 40,000.00 | 1242-000 | | | |
| | | | Settlement - Farmers | | | | |
| 07/02/13 | 001001 | SALLY M. NOVAK | DEBTOR EXEMPTION PER 6/18/13 O/C | 8100-000 | | 15,000.00 | 19,341.67 |
| 07/02/13 | 001002 | PHILIP J. SCHMIDT 11 S LaSALLE STREET CHICAGO, IL 60603 | SPECIAL COUNSEL FEES PER 6-18-13 O/C | 3210-000 | | 13,333.33 | 6,008.34 |
| 07/02/13 | 001003 | PHILIP J. SCHMIDT 11 S LaSALLE STREET CHICAGO, IL 60603 | SPECIAL COUNSEL REIMB EXP PER 6-18-13 O/C | 3220-000 | | 2,768.07 | 3,240.27 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 40,000.00 | COLUMN TOTALS | 34,341.67 | 31,101.40 | 3,240.27 |
| Memo Allocation Disbursements: | 5,658.33 | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | | Subtotal | 34,341.67 | 31,101.40 | |
| Memo Allocation Net: | 34,341.67 | Less: Payments to Debtors | | 15,000.00 | |
| | | Net | 34,341.67 | 16,101.40 | |

| | | | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|---|
| Total Allocation Receipts: | 40,000.00 | TOTAL - ALL ACCOUNTS | | | |
| Total Allocation Disbursements: | 5,658.33 | Checking Account - *******1047 | 34,341.67 | 16,101.40 | 3,240.27 |
| | | | ----------------------- | ----------------------- | ----------------------- |
| Total Memo Allocation Net: | 34,341.67 | | 34,341.67 | 16,101.40 | 3,240.27 |
| | | | ============= | ============= | ============= |

| | | Page Subtotals | 34,341.67 | 31,101.40 | |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 5)*

Ver: 17.02e

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page:   2

Exhibit B

| Case No: | 11-36374  -BWB |
|---|---|
| Case Name: | NOVAK, SALLY M |
| Taxpayer ID No: | *******7049 |
| For Period Ending: | 07/23/13 |

| Trustee Name: | Peter N. Metrou, Trustee |
|---|---|
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******1047  Checking Account |
| Blanket Bond (per case limit): | $ 60,894,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | | | | Page Subtotals | 0.00 | 0.00 | |

LFORM24

Ver: 17.02e

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-36374
Case Name: NOVAK, SALLY M
Trustee Name: Peter N. Metrou, Trustee

Balance on hand             $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: PHILIP J SCHMIDT | $ | $ | $ |
| Other: PHILIP J SCHMIDT | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $    must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chase Bank USA, N.A. | $ | $ | $ |
| 000002 | FIA CARD SERVICES NA as successor to | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE